IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOALA DIVISION

IVAN T. NAVARRO-JUSINO,
    Petitioner,

v.                                        Case No. 3:25cv781/TKW/MAL

WARDEN FPC,
    Respondent.
                            /

## **REPORT AND RECOMMENDATION**

Petitioner Ivan T. Navarro-Jusino initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming he was entitled to immediate transfer to prerelease custody due to credits earned under the First Step Act (FSA). ECF No. 2.

On June 10, 2025, the undersigned entered an order noting the petition as presented did not present a viable claim and directing Petitioner to file an amended petition and two service copies thereof. ECF No. 5. Petitioner was instructed to comply by July 10, 2025, and he was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed. *Id.*

Having received no response from Petitioner, on July 17, 2025, the Court issued an order directing Petitioner to show cause, in writing, by July 31, 2025, why this case should not be dismissed due to his failure to comply with the Court's

previous order. ECF No. 6. He was again warned that failure to timely respond to would result in a recommendation of dismissal of this case. The clerk mailed the order to Petitioner at his address of record and to his address as reflected on the Bureau of Prisons' website, despite Petitioner's failure to file a notice of change of address. Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is ORDERED:

The clerk shall send a copy of this order to Petitioner at his address of record and to FCI Coleman Low, Federal Correctional Institution, P.O. Box. 1031, Coleman, FL 33521.

And it is respectfully RECOMMENDED:

1. Navarro-Jusino's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice for his failure to comply with an order of the Court.

2. The clerk be directed to close the case file.

DONE on August 7, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.